NUMBER 13-99-633-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 


TOM JACOB OJEDA , Appellant, 



v.

 
THE STATE OF TEXAS , Appellee. 

___________________________________________________________________ 



On appeal from the 156th District Court

of Bee County, Texas.

____________________________________________________________________ 



O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez

Opinion by Justice Rodriguez

 

 On September 4, 1997, appellant, Tom Jacob Ojeda, entered a plea of guilty to the offense of bribery. See Tex. Pen.
Code Ann. § 36.02 (Vernon 1994). Having found the evidence substantiated appellant's guilt, the court deferred
adjudication and placed appellant on community supervision. In April 1999, the State filed a motion to revoke,
alleging numerous violations of the terms and conditions of appellant's community supervision. On July 29, 1999,
after a hearing on the State's motion, the court found appellant had violated the terms and conditions, and revoked
appellant's supervision. Appellant was sentenced to eight years incarceration, and assessed a $1500 fine. The court
suspended the sentence and placed appellant on eight years community supervision. Appellant filed a motion to
modify the terms and conditions of his supervision. On August 27, 1999, the court granted appellant's motion and gave
him permission to appeal the revocation of his community supervision and imposition of sentence. Appellant now
challenges the court's authority to modify. We affirm.

 By his sole point of error, appellant contends the court had no authority to amend the old terms and conditions of
community supervision, absent a new finding of a violation at the August 27 hearing on his motion to modify. 

 Article 42.12 of the Texas Code of Criminal Procedure provides: 

 If after a hearing [on a motion to revoke] a judge continues or modifies community supervision after determining that
the defendant violated a condition of community supervision, the judge may impose any other conditions the judge
determines are appropriate. . . . 



Tex. Code Crim. Proc. art. 42.12, § 22(a) (Vernon Supp. 2000). While appellant correctly argues that article 42.12
requires a hearing and the finding of a violation before modification, his argument is not persuasive in this case. Our
review of the record reveals that the court did not modify the old terms and conditions, but simply restated them. 

 The August order provides "the terms [of supervision] are modified to read as those contained in conditions of
Community Supervision filed with the clerk on July 29th, 1999." Further, at the August hearing, the judge stated that
he had "now amended his old terms and conditions to read as those terms and conditions that were filed on July the
29th." The judge also commented that he wanted appellant to get "some drug treatment and take care of his drug
problem" at the "Substance Abuse Treatment Facility and Restitution Center," a condition previously included in the
July community supervision conditions. Appellant's motion to modify requested treatment, if necessary, at a
non-institutional facility paid for by his private insurance. Accordingly, we conclude that, although the court granted
appellant's motion, the terms and conditions filed following the July hearing were not modified by the August order.
Thus, a finding of a new violation was not necessary. Appellant's sole point of error is overruled. 

 Appellant's court-appointed counsel filed a brief in which she informed this Court she studied the transcript of the
hearing on the motion to revoke and has found no clear error which was preserved for appeal. Other than the one
arguable error which we have now reviewed, counsel concluded there is no other error upon which a nonfrivolous
appeal might be based. 

 Appellant's brief meets the requirements of Anders v. California, 386 U.S. 738, 744-45 (1967), in that counsel
presented a professional evaluation of the record demonstrating why there are no other arguable grounds of error on
appeal. See High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). She referred this Court to the only error in
the record that might arguably support the appeal. See Anders, 386 U.S. at 744. Counsel certified in her brief that she
served appellant with a copy of the brief in which she informed appellant of his right to examine the record for the
purposes of filing any pro se actions he might feel appropriate under the circumstances. Thirty days have passed since
appellant was so advised, and he has not filed a pro se brief. 

 In Penson v. Ohio, 488 U.S. 75 (1988), the Supreme Court advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide whether the case is wholly
frivolous." We have carefully reviewed the record and, finding nothing that would arguably support an appeal, agree
that the appeal is wholly frivolous and without merit. See Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App.
1991). The judgment of the trial court is AFFIRMED. 

 Additionally, in accordance with Anders, counsel has requested permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant appellant's attorney's motion to withdraw. Furthermore, we order her to notify
appellant of the disposition of his appeal and of the availability of discretionary review. See Ex parte Wilson, 956
S.W.2d 25, 27 (Tex. Crim. App. 1997). 

NELDA V. RODRIGUEZ 

Justice 



Do not publish. Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 8th day of June, 2000.